IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RYAN DEATON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:11-cv-768 |
| vs. | ) | |
| | ) | |
| STONELEIGH RECOVERY ASSOCIATES, LLC and BUREAUS INVESTMENT GROUP PORTFOLIO NO. 7, LLC, | ) ) ) ) | **JURY DEMAND ENDORSED HEREON** |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Now comes the Plaintiff, RYAN DEATON, by and through his attorneys, LUXENBURG & LEVIN, LLC, and for his Complaint against the Defendants, STONELEIGH RECOVERY ASSOCIATES, LLC and BUREAUS INVESTMENT GROUP PORTFOLIO NO. 7, LLC, Plaintiff alleges and states as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Ohio Consumer Sales Practices Act (hereinafter the "OCSPA"), Ohio Rev. Code § 1345.01, *et seq*.

### JURISDICTION AND VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq*. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

## PARTIES

3. Plaintiff is an individual who was at all relevant times residing in Eastlake, Ohio.

4. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as he is a natural person allegedly obligated to pay a debt.

5. At all relevant times, Defendants acted as "debt collectors" within the meaning of 15 U.S.C. § 1692a(6), in that they held themselves out to be companies collecting a consumer debt allegedly owed by Plaintiff.

6. On information and belief, STONELEIGH RECOVERY ASSOCIATES, LLC (hereinafter "Stoneleigh") is a limited liability company of the State of Illinois, which is licensed to do business in Ohio and which has its principal place of business in Lombard, Illinois.

7. On information and belief, BUREAUS INVESTMENT GROUP PORTFOLIO NO. 7, LLC (hereinafter "Bureaus") is a limited liability company of the State of Illinois, which is not licensed to do business in Ohio and which has its principal place of business in Evanston, Illinois.

## COUNT I

(Violation of the Fair Debt Collection Practices Act)

8. On or about June 3, 2006, Plaintiff settled a debt which was allegedly owed to Direct Merchants Bank and which was being collected by a company called Enhanced Recovery Corporation. On or about June 6, 2006, Plaintiff made the settlement payment as agreed to Enhanced Recovery Corporation.

9. On information and belief, at some time after Plaintiff settled the aforementioned account as described above, Direct Merchants Bank sold Plaintiff's account to Defendant Bureaus.

10. On or about March 4, 2010, representatives and/or employees of Defendant Stoneleigh, acting in their capacity as the authorized agents of Defendant Bureaus, began contacting Plaintiff regarding collection of the aforementioned alleged debt, which had been previously settled and paid as described above.

11. During the past calendar year, representatives and/or employees of Defendant Stoneleigh have placed numerous telephone calls to Plaintiff at his place of employment, sometimes disclosing to Plaintiff's co-workers the name of one or more of the Defendants and that Plaintiff owed an alleged debt. Further, representatives and/or employees of Defendant Stoneleigh continued to contact Plaintiff by telephone at his place of employment even after being informed that Plaintiff's employer did not permit Plaintiff to take telephone calls of that nature while he was at work.

12. Moreover, these representatives and/or employees of Defendant Stoneleigh lacked a proper purpose when communicating with Plaintiff's co-workers, as Defendant Stoneleigh knew where Plaintiff himself could be contacted directly.

13. At one time or another, during telephone conversations with Plaintiff, representatives and/or employees of Defendant Stoneleigh threatened to report the alleged debt on Plaintiff's credit report, to place a lien on Plaintiff's home and to garnish Plaintiff's wages if the alleged debt was not paid. These threats were made to Plaintiff despite the fact that the alleged debt was settled and paid over five years ago and no lawsuit has ever been initiated against Plaintiff with regard to the alleged debt.

14. All of the actions of the representatives and/or employees of Defendant Stoneleigh as described above were undertaken as the authorized agents of Defendant Bureaus.

15. In its attempts to collect the aforementioned alleged debt, Defendants violated the FDCPA in one or more of the following ways:

    a. Identifying the name of either or both of the Defendant companies while communicating with a person other than Plaintiff, without having first been expressly requested to do so, in violation of 15 U.S.C. § 1692b(1);

    b. Communicating with a person other than Plaintiff and stating to such person that Plaintiff owes an alleged debt, in violation of 15 U.S.C. § 1692b(2);

    c. Communicating with a person other than Plaintiff more than once in connection with the collection of the alleged debt, in violation of 15 U.S.C. § 1692b(3);

    d. Communicating with Plaintiff at his place of employment after he advised Defendants that his employer prohibited him from receiving such phone calls while he was working, in violation of 15 U.S.C. § 1692c(a)(3);

    e. Communicating with someone other than Plaintiff in connection with the collection of the alleged debt without a proper purpose, in violation of 15 U.S.C. § 1692c(b);

    f. Causing a telephone to ring or engaging Plaintiff in conversation repeatedly and continuously with the intent to annoy, abuse or harass, in violation of 15 U.S.C. § 1692d(5);

    g. Falsely representing the character, amount and/or legal status of the alleged debt, in violation of 15 U.S.C. § 1692e(2)(A);

    h.    Representing or implying that nonpayment of the alleged debt would result in the seizure, garnishment, attachment and/or sale of Plaintiff's property or wages where such action was unlawful and/or Defendants did not intend to take such action, in violation of 15 U.S.C. § 1692e(4);

    i.    Threatening to take action that could not legally be taken and/or that was not intended to be taken in violation of 15 U.S.C. § 1692e(5); and

    j.    By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

16.    As a result of Defendants' violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, RYAN DEATON, respectfully prays for a judgment against Defendants as follows:

    a.    Statutory damages of $1,000.00 from each Defendant for each violation of the FDCPA;

    b.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

    c.    Any other relief deemed appropriate by this Honorable Court.

## COUNT II

(Violation of the Ohio Consumer Sales Practices Act)

17.    Plaintiff hereby adopts, re-alleges and incorporates by reference all allegations set forth above as though fully rewritten here.

18.    Defendants' actions in attempting to collect the alleged debt from Plaintiff as described above constitute a "consumer transaction" as defined in Ohio Rev. Code § 1345.01(A).

19. Defendants are "suppliers" as defined in Ohio Rev. Code § 1345.01(C), as Defendants are in the business of effecting or soliciting "consumer transactions."

20. Plaintiff is a "consumer" as defined in Ohio Rev. Code § 1345.01(D), as he is a person who engaged in a "consumer transaction" with "suppliers," the Defendants herein.

17. Defendants' actions and omissions described above constitute unfair, deceptive and unconscionable acts and practices, in violation of Ohio Rev. Code §§ 1345.02 and 1345.03, and the substantive rules promulgated under the OCSPA.

18. Defendants, through their agents and employees, knowingly committed the unfair, deceptive and unconscionable acts and practices described above.

19. As a result of Defendants' unfair, deceptive and unconscionable acts and practices, Plaintiff has suffered, and continues to suffer, various damages which include, but are not limited to the categories of damages described above.

WHEREFORE, Plaintiff, RYAN DEATON, respectfully prays for a judgment against Defendants as follows:

    a. Statutory damages of $200.00 from each Defendant for each violation of the OCSPA;

    b. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

    c. Any other relief deemed appropriate by this Honorable Court.

## **JURY DEMAND**

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of his claims in this action.

Respectfully Submitted,

/s/ David B. Levin
David B. Levin (0059340)
Mitchel E. Luxenburg (0071239)
Attorneys for Plaintiff
Luxenburg & Levin, LLC
23875 Commerce Park
Suite 105
Beachwood, OH 44122
(888) 493-0770, ext. 302 (phone)
(866) 551-7791 (facsimile)
David@LuxenburgLevin.com